

E-FILED
Wednesday, 14 June, 2006  04:07:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JUN 1 4 2006

JOHN M. WATERS, Clerk
U.S DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

In the Matter of the Tax Indebtedness
of Robert and Joyce Donohue

Civil [Misc.] No. 06-MC-2020

### PETITION FOR JUDICIAL APPROVAL OF LEVY UPON PRINCIPAL RESIDENCE

The United States, by its attorneys, and upon the accompanying Declaration, petitions this Court for an order approving an administrative levy by the Internal Revenue Service upon a principal residence. In support of this petition the United States submits the accompanying Declaration and asserts as follows:

1. This proceeding is brought, and the Court's jurisdiction arises, pursuant to 28 U.S.C. Section 1340 and 26 U.S.C. ("Code") Sections 6334(e)(1) and 7402(a).

2. Code Section 6334, as is pertinent here, exempts from administrative levy by the Internal Revenue Service property used as a principal residence of the taxpayer (within the meaning of Code Section 121) ("Property"), unless such levy is to satisfy a liability which exceeds $5,000, and is approved, in writing, by a United States District Court Judge or Magistrate Judge. See Code Sections 6334(a)(13)(B) and 6334(e)(1); 26 C.F.R. Section 301.6334-1(d).

3. To obtain approval from the Court, the United States must demonstrate that:

    a. the liability is owed;

    b. the requirements of any applicable law or administrative procedure relevant to the levy have been met; and,

    c. no reasonable alternative for the collection of the taxpayer's debt exists.

4. By this petition, the United States seeks approval for the Internal Revenue Service to levy upon the taxpayers' interest in the property located at 622 Belmont, Watseka, Illinois, within the jurisdiction of the Court. The property is the principal residence of Robert and Joyce Donohue and is legally described as follows:

> The South 104 feet of Lot 1 of Lida M. Martin's First Subdivision of a part of the West Half of Lot 1 of the Northwest Quarter of Section 4, in Township 26 North, Range 12 West of the Second Principal Meridian, as shown by Plat recorded in Surveyor's Record 4, page 107 of the records of Iroquois County, Illinois.

5. On January 8, 2001, a delegate of the Secretary of the Treasury made an assessment against Robert and Joyce Donohue for unpaid federal income taxes, penalties, and interest for the years ending December 31, 1997 and 1998, in the amounts of $834,101.59 and $452,986.84, respectively, plus interest which continues to accrue from the date of assessment.

6. Notice of the assessment and demand for payment were duly given to the taxpayer. Despite notice and demand, the taxpayers have failed to pay the liabilities in full. As of March 1, 2006, Robert and Joyce Donohue remain indebted to the United States in the total amount of $1,846,779.49. This includes the unpaid assessed balance in the amount of $1,400,863.78, accrued interest and penalties from January 8, 2001 until March 1, 2006, in the amount of $445,915.71, and additional interest and penalties accruing from March 1, 2006 until the liability is paid in full.

7. The Internal Revenue Service has followed the requirements of applicable law and administrative procedures relevant to a levy upon the Property.

8. The Internal Revenue Service has attempted to satisfy these liabilities from assets other than the Property, and no reasonable alternative exists to satisfy the unpaid tax liabilities described above.

WHEREFORE, the United States prays that:

A. The Court enter the attached Order to Show Cause; and

B. If no written Objection to Petition is filed with the Clerk of the Court within 25 days from the date of the Order to Show Cause, the Court enter an order (proposed order is attached) approving the administrative levy on the Property, to be executed by any authorized officer of the Internal Revenue Service; and

C. If a written Objection to Petition is filed with the Clerk of the Court, the Court set a hearing date for this matter, at which the objections raised shall be considered and after which the Court may enter a further order approving the administrative levy on the Property, to be executed by any authorized officer of the Internal Revenue Service.

RODGER A. HEATON
United States Attorney

*/s/ Karen A. Smith*

KAREN A. SMITH
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6588